**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TIMOTHY J. KLEIN, | ) |
|                 Plaintiff, | ) |
| vs. | ) |
| MERCANTILE ADJUSTMENT BUREAU, LLC; and CONSOLIDATED EDISON, INC.; | ) |
|                 Defendants. | ) |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff Timothy J. Klein brings this action to secure redress from unlawful collection practices engaged in by defendants Mercantile Adjustment Bureau, LLC and Consolidated Edison, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") by Mercantile Adjustment Bureau, LLC. Plaintiff also seeks declaratory and injunctive relief.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**VENUE AND JURISDICTION**

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does or transacts business within this District.

1

**PARTIES**

5. Plaintiff Timothy J. Klein is an individual who resides in the Northern District of Illinois.

6. Defendant Mercantile Adjustment Bureau, LLC is a limited liability company with offices at 6390 Main Street, Suite 160, Williamsville, NY 14221. It also has offices in Rochester, New York. It does business in Illinois. Its registered agent and office is National Registered Agents, 200 W. Adams, Chicago, IL 60606.

7. Defendant Mercantile Adjustment Bureau, LLC operates a collection agency.

8. Defendant Mercantile Adjustment Bureau, LLC holds one or more collection agency licenses.

9. Defendant Mercantile Adjustment Bureau, LLC uses the mails and telephones to collect debts originally owed to other entities.

10. Defendant Mercantile Adjustment Bureau, LLC is a debt collector as defined in the FDCPA.

11. Defendant Consolidated Edison, Inc. is a corporation with its principal place of business located at 4 Irving Place, Room 1618-S, New York, NY 10003. It is the principal utility company in the New York City area.

**FACTS RELATING TO PLAINTIFF**

12. Since 2009, defendant Consolidated Edison, Inc., through multiple collection agencies, has been attempting to collect from plaintiff a purported debt for about $560 for residential utility service provided to a Timothy J. Klein at the service address of 1715 Nelson Ave., Unit 1-B, Bronx, NY 10453.

13. On information and belief, there is a cooperative apartment building at 1715 Nelson Ave., Bronx, NY 10453. On information and belief, the utility service was provided to someone living in one of the units in that building.

14. Plaintiff does not owe any debt to Consolidated Edison, Inc.

15. Plaintiff has never engaged in any transactions for business purposes with Consolidated Edison, Inc. Any claimed debt is necessarily for personal, family or household purposes.

16. Plaintiff does not know why Consolidated Edison, Inc. and its collection agencies think plaintiff owes it money. Plaintiff has never resided in New York and is unaware of having contracted with Consolidated Edison, Inc.

17. In late 2009, plaintiff received a telephone call from Consolidated Edison, Inc. or some collection agency acting on its behalf, and told the caller that he thought they had the wrong person. Plaintiff did not hear further from that agent.

18. In December 2010 and January 2011, plaintiff received a series of calls leaving the callback number 877-719-0723, seeking to collect the same debt. The number is issued to Van Ru Credit Corporation, located in the northern suburbs of Chicago. Van Ru was acting on behalf of Consolidated Edison, Inc.

19. On December 20, 2010, after returning the call, plaintiff faxed a letter to Van Ru (which plaintiff misheard as Van Guard) stating that the debt was not his. A copy of this letter and the transmission report is attached as <u>Exhibit A</u>.

20. Notwithstanding this letter, Van Ru called on at least one further occasion.

21. Nothing further happened until about January 18, 2012, when plaintiff received several voicemail messages from a representative of defendant Mercantile Adjustment Bureau, LLC, using the name Todd Winter and leaving the number 800-466-5259. The number is issued to Mercantile Adjustment Bureau, LLC.

22. Plaintiff returned the call, spoke to a representative using the name Elizabeth, and was told that he owed a debt on account of utility service provided to a Timothy J. Klein in the Bronx. Plaintiff again informed her that he was not the customer of Consolidated Edison, Inc.

23. On January 19, 2012, plaintiff faxed both Mercantile Adjustment Bureau,

LLC and Consolidated Edison, Inc. another copy of Exhibit A.

24. At no time has plaintiff received anything in writing from Mercantile Adjustment Bureau, LLC.

25. On January 30, 2012, a representative of Consolidated Edison called plaintiff at his office number listed on Exhibit A. Upon returning the call, plaintiff was told that he had to pay the debt unless he could prove he was not the Timothy J. Klein who received service in the Bronx.

## COUNT I – FDCPA

26. Plaintiff incorporates paragraphs 1-25.

27. This claim is against Mercantile Adjustment Bureau, LLC.

28. Defendant violated 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) by representing that plaintiff owed money to Consolidated Edison, Inc.

29. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of--**
>
> **(A) the character, amount, or legal status of any debt; . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

30. Defendant violated 15 U.S.C. §1692g by failing to provide the notice required by that section.

31. Section 1692g provides:

> **§ 1692g. Validation of debts**
>
> **(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication**

**or the consumer has paid the debt, send the consumer a written notice containing--**

    **(1) the amount of the debt;**

    **(2) the name of the creditor to whom the debt is owed;**

    **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

    **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

    **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under**

**any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

  (1) Statutory damages;

  (2) Attorney's fees, litigation expenses and costs of suit;

  (3) Such other and further relief as the Court deems proper.

## COUNT II – DECLARATORY AND INJUNCTIVE RELIEF

32. Plaintiff incorporates paragraphs 1-25.

33. This claim is against Consolidated Edison, Inc.

34. There is a controversy between plaintiff and Consolidated Edison, Inc. as to whether plaintiff owes Consolidated Edison, Inc. money for utility service at 1715 Nelson Ave., Unit 1-B, Bronx, NY 10453. Plaintiff contends that he does not. Consolidated Edison, Inc. claims that he does.

35. A declaratory judgment will resolve this controversy.

36. Absent intervention by the Court, Consolidated Edison, Inc. will continue to harass plaintiff, and possibly injure his credit.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant:

  (1) Declaring that plaintiff does not owe defendant any money;

  (2) Enjoining defendant from attempting to collect the supposed debt from plaintiff;

  (3) For attorney's fees, litigation expenses and costs of suit;

  (4) For such other and further relief as the Court deems proper.

         s/Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER
&amp; GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\26586\Pleading\Complaint_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>s/Daniel A. Edelman</u>

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)